Filed 7/21/14  Turner v. 640 Main Street Partners CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| VANESSA RENEE TURNER, Plaintiff and Appellant, v. 640 MAIN STREET PARTNERS, LLC, Defendant and Respondent. | B249240 (Los Angeles County Super. Ct. No. BC497051) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Rolf M. Treu, Judge.  Affirmed.

Vanessa Renee Turner, in pro per., for Plaintiff and Appellant.

Zakari Law and Raymond Zakari for Defendant and Respondent.

_____

We affirm an order granting a special motion to strike a first amended complaint pursuant to the Anti-Strategic Lawsuit Against Public Participation statute, commonly known as the Anti-SLAPP statute.[1]

## FACTS

### *Background*

Plaintiff and appellant Vanessa Renee Turner lived in a residential hotel owned by defendant and respondent 640 Main Street Partners, LCC ("Partners") for a period of time. At some point during Turner's tenancy, Partners filed an unlawful detainer action against Turner for nonpayment of rent. That underlying action was entitled *Cecil Hotel v. Turner* (Super. Ct. LA County, 2012, No. 12U02012). In April 2012, the Los Angeles County Superior Court entered a stipulated judgment in *Cecil Hotel v. Turner*. The stipulated judgment was signed by a hotel representative and by Turner, and approved by a superior court commissioner. The judgment included provisions awarding possession of premises located at 640 S. Main Street to the plaintiff, and stating that the plaintiff waived all back due rent, holdover damages, attorney fees, and costs of litigation. The judgment provided that Turner would give up any claim to her security deposit, "if any," and provided for an immediate writ of possession , but "no final lockout prior to June 19, 2012."

### *Turner's Complaint*

In December 2012, Turner, in pro. per., filed a Judicial Council standard form complaint against Partners. The complaint form included attached pages for causes of action for "general negligence" and "intentional tort." The text of Turner's causes of action referred to her having submitted to a credit screening, and to an unlawful detainer proceeding, and a "judgement" [*sic*], and to matters involving claims about unpaid rent and her having paid her rent. The complaint made references to Partners "interce[p]ting" and refusing to return tenants' mail. Turner sought emotional distress damages and punitive damages.

---

[1] See Code of Civil Procedure section 425.16. All further section references are to the Code of Civil Procedure.

In February 2013, Turner, in pro. per., filed a first amended complaint, again using a Judicial Council standard form complaint. Turner's first amended complaint again had causes of action labeled "general negligence" and "intentional tort." As did her original complaint, the text of Turner's causes of action in her first amended complaint referred to her having submitted to a credit screening, and to unlawful detainer proceedings, and to matters involving claims about unpaid rent and her having paid her rent. Turner's first amended complaint added language referring to a rent payment that was "rejected," and to her being "forced" to call police to stop Partners from "harassing" her. Turner's first amended complaint included the words "slander/libel" and "defamation" at different points within the pleading, but not expressly contain labeled cause of action for such torts. Turner's first amended complaint sought emotional distress and punitive damages.

***The Anti-SLAPP Motion***

In March 2013, Partners filed a special motion to strike Turner's first amended complaint pursuant to the Anti-SLAPP statute. Partners' motion argued that Turner's operative first amended complaint showed on its face that it arose from Partners' filing of an unlawful detainer action, and that such activity was protected petitioning activity. Partners argued that Turner could not demonstrate a probability of prevailing in her action because, among other factors, she had not stated a cognizable cause of action against Partners. A hearing on the Anti-SLAPP motion was set for April 19, 2013.

On April 8, 2013, Turner filed an opposition to Partners' Anti-SLAPP motion. Turner's opposition included roughly 100 pages of attached documents, including a copy of the stipulated judgment in the unlawful detainer action noted above.

On April 17, 2013, Partners filed an objection to Turner's opposition. Partners objected that Turner had not served her opposition on Partners until April 12, 2013, and that Partners had not actually received the opposition until April 16, 2013.

3

For the hearing on April 19, 2013, the trial court prepared a tentative ruling in which it indicated that it planned to grant Partners' Anti-SLAPP motion. After listening to argument from the parties, the court adopted its tentative ruling as its final order.

Turner filed a timely notice of appeal.

## DISCUSSION

### I. The Anti-SLAPP Statute

The Anti-SLAPP statute authorizes a two-step procedure for striking a cause of action at the earlier stages of litigation when it is established that the claim was filed to "chill" the constitutional rights of free speech or to petition the government. (§ 425.16, subds. (a), (b).) In the first step, a court determines whether the moving defendant has shown that a cause of action arises from so-called protected activity, that is, "from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue . . . ." (See § 425.16, subds. (b)(1), (e); and see, e.g., *Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188 [it is the gravamen of the plaintiff's cause of action that determines whether the Anti-SLAPP statute applies in the first step].) In the second step, a court reviews the evidence presented to determine whether a plaintiff has demonstrated a probability of winning his or her cause of action on the merits. (See § 425.16, subd. (b)(1); and see, e.g. *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

On appeal, we review an order granting a motion pursuant to the Anti-SLAPP statute under the de novo standard of review, meaning we apply the same two-step procedure as the trial court. (See, e.g., *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1651-1652.)

### II. Protected Activity

Turner argues the trial court erred in finding that her lawsuit arises from protected petitioning activity by Partners. Here, Turner argues that Partners' underlying unlawful detainer action was "fraudulent." Turner argues the Anti-SLAPP statute "does not apply" to such "illegal" petitioning activity. Turner's argument does not persuade us to find

4

error in connection with the first step of the Anti-SLAPP procedure; her argument is better directed toward the second step of the procedure.

Turner argues that Partners did not have a legal right to file an unlawful detainer action against her for non-payment of rent because they accepted a cashier's check from her for the full amount of rent due several days before they filed their unlawful detainer action. Further, Turner argues that Partners' actions of filing the unlawful detainer action and obtaining a judgment constituted the "intentional infliction of emotional distress as a matter of law." Turner's arguments here seem directed toward showing that Partners did wrongful acts in the course of the underlying unlawful detainer action. In other words, it again appears that Turner is arguing why she will win her lawsuit against Partners.

The proper focus in the first step of the Anti-SLAPP procedure is on the nature of the defendant's activity that gives rise to the plaintiff's lawsuit, not the "unlawful motive the plaintiff is ascribing to that conduct." (See *Tuszynska v. Cunningham* (2011) 199 Cal.App.4th 257, 271.) It is "easy to confuse" the concepts involved in the two steps of the Anti-SLAPP procedure. (*Ibid*.) "This confusion will be less likely to occur . . . if on the first step of the anti-SLAPP inquiry . . . remains squarely on the defendant's activity that gave rise to its asserted liability, and whether that activity constitutes protected speech or petitioning, rather than on any motive the plaintiff may be ascribing to the activity." (*Ibid*., citing *Navellier v. Sletten* (2002) 29 Cal.4th 82, 92 (*Navellier*).) In summary, the focus on the first step of the Anti-SLAPP procedure "is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability — and whether that activity constitutes protected speech or petitioning." (*Navellier, supra*, 29 Cal.4th at p. 92.)

It is too well-settled to question here that litigation activities are protected activity within the meaning of the Anti-SLAPP statute. " ' " '[T]he constitutional right to petition . . . includes the basic act of filing litigation . . . .' " ' [Citations.]" (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087.) Accordingly, we move to the second step of the test.

5

### III.    Probability of Prevailing

We find the trial court correctly determined that Turner failed to demonstrate a probability of prevailing on her lawsuit against Partners.

At the second step of the Anti-SLAPP procedure, the plaintiff must show that he or she has a "reasonable probability of prevailing, not prevailing by a preponderance of the evidence.  For this reason, a court must apply a 'summary-judgment-like' test [citation], accepting as true the evidence favorable to the plaintiff and evaluating the defendant's evidence only to determine whether the defendant has defeated the plaintiff's evidence as a matter of law.  [Citation.]  A court may not weigh credibility or compare the weight of the evidence.  The court's single task is to determine whether the plaintiff has made a prima facie showing of facts supporting his or her cause of action. [Citation.]" (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 444.)

On appeal, Turner argues that she had paid her rent with a cashier's check, and that this necessarily means that Partners improperly commenced an unlawful detainer action against her.  Accepting as true Turner's assertion that Partners filed an unlawful detainer action based on false allegations of unpaid rent, this does not show a probability that Turner will prevail in her current lawsuit against Partners.  Civil Code section 47, subdivision (b), establishes a privilege immunizing a party from liability for any statement made in a judicial proceeding, and is a bar to all tort causes of action based on such statements, except for a claim for malicious prosecution.  (See, e.g., *Brown v. Department of Corrections* (2005) 132 Cal.App.4th 520, 525.)  Turner cannot prevail on a claim for malicious prosecution against Partners because the copy of the judgment in the underlying unlawful detainer action, which she submitted in her opposition papers to the Anti-SLAPP motion, does not show that the underlying proceeding was resolved on the merits in her favor.

## DISPOSITION

The order granting the Anti-SLAPP motion is affirmed. Each party to bear its own costs on appeal.

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.